## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TAMIKA PLEDGER,**

**Plaintiff,**

**v.**                                                      **Case No. 16-2215-JAR-JPO**

**STATE OF KANSAS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Tamika Pledger filed this action *pro se* and *in forma pauperis* against the State of Kansas, the Unified Government of Wyandotte County, and Wyandotte County District Attorney Jerome A. Gorman, seeking damages for certain alleged errors committed by Wyandotte County officials during her pending criminal prosecution in Wyandotte County, Kansas District Court, Case No. 2015-CV-000102.  On May 12, 2016, Plaintiff filed a Notice of Removal,[1] of her criminal case.  Before the Court are Defendants' Motion to Dismiss (Doc. 11), and Motion to Remand (Doc. 13).  The motions are fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants Defendants' motion to remand and finds that the motion to dismiss is therefore moot.

## I.      Background

The following facts are alleged in the Complaint, or gleaned from the record in Wyandotte County, Kansas Case No. 2015-CV-000102.  The Court takes judicial notice of the state court record.[2]  On February 2, 2015, Plaintiff was charged by information with several counts of aggravated battery based on injuries she caused when her vehicle collided with a group

---

[1]Doc. 10.

[2]Fed. R. Evid. 201.

of pedestrians in Kansas City, Kansas.  On February 9, 2015, one charge was amended to involuntary manslaughter.  Plaintiff's First Appearance was on February 10, 2015; she was not arraigned at that time.  Plaintiff repeatedly sought to replace her counsel in that case, and filed *pro se* motions challenging the state court's "subject matter jurisdiction," and seeking to either represent herself or be designated as co-counsel.  On May 28, 2015, Judge Michael Russell denied Plaintiff's *pro se* "writ to dismiss for lack of jurisdiction," and set the case for a preliminary hearing.  Plaintiff filed a notice of appeal and the record reflects that on June 13, the Kansas Supreme Court docketed a Petition for Writ of Mandamus by Plaintiff.

On October 29, 2015, the record reflects that Plaintiff appeared in person and with counsel, Michael Sexton for a preliminary hearing.  The court found probable cause that Plaintiff was guilty of the crimes charged and bound her over for trial.  The minutes state that "defendant waives formal arraignment and pleads not guilty."[3]  Soon after this hearing, Plaintiff began filing *pro se* motions, including one to dismiss with prejudice due to evidence tampering, conspiracy, and lack of evidence.

On November 20, 2015, the Kansas Supreme Court issued an Order denying Plaintiff's writ of mandamus, and her petitions to supplement the writ.  Trial has been set for September 26, 2016.[4]

## II.     Applicable Standards

Because Plaintiff proceeds *pro se*, the court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[5]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a

---

[3]Doc. 10 at 56.

[4]Doc. 18, Ex. A.

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

legal theory on a plaintiff's behalf."[6]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[7]

Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]  The party seeking removal has the burden of proof to establish this Court's jurisdiction.[9]  Plaintiff properly cites 28 U.S.C. § 1455 as the provision governing the procedure for removal of criminal prosecutions. The statute requires:

> (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be

---

[6]*Id.*

[7]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing pro se cases for failure to comply with the rules)).

[8]28 U.S.C. § 1447(c).

[9]*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.[10]

Defendants argue that this case should be remanded because (1) the notice of removal was untimely, and (2) Plaintiff's notice did not provide sufficient grounds for removal of a criminal prosecution. The Court agrees that this case must be remanded for both of these reasons. First, the record is clear that on October 29, 2015, Plaintiff waived her arraignment before the district court when she entered a not guilty plea. Therefore, her notice of removal must have been filed within 30 days of October 29, 2015 to be timely. Plaintiff argues that she was never arraigned, and that the waiver of her arraignment by her attorney at the time was without her consent. Therefore, she claims she should be allowed to remove her case any time before trial.

Taking judicial notice of the record in the criminal case, it is clear that Plaintiff appeared in person and with counsel at the October 29, 2015 preliminary hearing. At that time, she was "bound over for trial," and "waives formal arraignment and pleads not guilty" to all charges.[11] Under Kansas law, "arraignment" is "the formal act of calling the defendant before a court having jurisdiction to impose sentence for the offense charged, informing the defendant of the offense with which the defendant is charged, and asking the defendant whether the defendant is guilty or not guilty."[12] "[W]hen a defendant purposefully waives arraignment and the court approves that waiver by accepting the defendant's not guilty plea and schedules the case for trial, the waiver is an effective substitute for the arraignment and there is no need for further arraignment proceedings . . . ."[13] The Court finds that Plaintiff waived formal arraignment

---

[10]28 U.S.C. § 1455(b).

[11]Doc. 10 at 56.

[12]K.S.A. § 22-2202.

[13]*Kansas v. Montgomery*, 122 P.3d 392, 395 (Kan. 2005).

criminal case, therefore the 30-day removal clock started to run on October 29, 2015, and her notice of removal was untimely.

Even if the notice of removal was timely, Plaintiff has failed to establish a statutory basis for removal of her state criminal prosecution. Three federal statutes allow for the removal of criminal prosecutions under limited circumstances. First, 28 U.S.C. § 1442 allows removal where a criminal prosecution is commenced in state court and is directed against the United States or its officers or agencies. Second, under 28 U.S.C. § 1442a, removal may be warranted where members of the armed forces are prosecuted in state court. Finally, under 28 U.S.C. § 1443,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To remove under § 1443(1), the Supreme Court has established a two-prong test: (1) "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"[14]; and (2) "it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State."

Plaintiff's claims in this case allege that the police tampered with evidence, an official signed an arrest affidavit on behalf of a judge, the prosecutor incarcerated her beyond the 48-hour hold period without a warrant, and one of the judges on her criminal case conspired with witnesses and defendants in entering a no-contact order. Plaintiff has raised all of these

---

[14]*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).

arguments in her underlying criminal case, and they were the basis of her mandamus petition to the Kansas Supreme Court.  Plaintiff repeatedly cites Fed. R. Civ. P. 60(b)(3) as a basis for her claims before this Court, and argues that the state court lacks subject matter jurisdiction.  But that rule does not provide an independent basis for a federal claim, or for the Court's jurisdiction.  That rule governs requests for relief from a judgment entered in the underlying federal case (i.e. this case).  No judgment has been entered in this case from which Plaintiff is entitled to seek relief.  Because Plaintiff has established none of the permissible grounds for removal of her state court criminal prosecution to federal court, under 28 U.S.C. § 1455(b)(4), this Court must summarily remand.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Remand (Doc. 13) is **granted**.  This case shall be remanded back to the Wyandotte County District Court.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 11) is **moot**.

**IT IS SO ORDERED.**

Dated: September 6, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE